UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

-------------------------------------------------------------- x

PAUL ROBERT LENOCI, IM SUN SEO          :
                                        :
                    Plaintiffs,         :
                                        :
        v.                              :        3:25-CV-292 (SFR)
                                        :
PAMELA BONDI ET AL,                     :
                                        :
                    Defendants.         :
-------------------------------------------------------------- x

**MEMORANDUM & ORDER**

Plaintiffs Paul Robert Lenoci and Im Sun Seo ("Plaintiffs") have challenged under the Administrative Procedure Act ("APA") the United States Citizenship and Immigration Services' ("USCIS") denial of an I-130 Petition for Immediate Relative that Lenoci filed on behalf of his wife, Seo. Plaintiffs claim that USCIS's denial of the I-130 Petition, based on a finding that Plaintiffs failed to establish a bona fide marriage under the applicable "clear and convincing" standard, was arbitrary and capricious.

This Opinion resolves Plaintiffs' Motion to Compel Production of the Administrative Record underlying the USCIS decision. Defendants oppose the Motion to Compel, asserting that they have filed a Motion to Dismiss this case for lack of subject matter jurisdiction and the Administrative Record is unnecessary for me to decide this threshold jurisdictional question. For the following reasons, I deny Plaintiffs' Motion to Compel.

I.      **BACKGROUND**

On July 21, 2025, the Defendants moved to dismiss the Complaint pursuant to Federal Rule of Civil Procedure 12(b)(1) for lack of subject matter jurisdiction. Defs.' Mot. to Dismiss, ECF No. 20. On July 22, 2025, Plaintiffs filed a Motion to Compel the production of the

1

Administrative Record. Pls.' Mot. to Compel, ECF No. 20. On July 23, Defendants filed their Objection to the Motion to Compel. Defs.' Obj., ECF No. 23. On July 24, 2025, Plaintiffs filed their Reply to the Objection to the Motion to Compel. Pls.' Reply, ECF No. 25.

## II.    LEGAL STANDARD

Whether to allow jurisdictional discovery is "a decision as to which a district court enjoys substantial discretion." *Keren Chasanim Corp. v. Vill. of Kiryas Joel*, No. 07 Civ. 262 (SCR), 2008 WL 11518871, at *5 (S.D.N.Y. Nov. 10, 2008); *see also Broidy Cap. Mgmt. LLC v. Benomar*, 944 F.3d 436, 446 (2d Cir. 2019) ("[T]he district court has considerable latitude in devising the procedures it will follow to ferret out the facts pertinent to jurisdiction.") (internal quotation marks omitted). "If a plaintiff has identified a genuine issue of jurisdictional fact, jurisdiction discovery is appropriate even in the absence of a prima facie showing as to the existence of jurisdiction." *Daventree Ltd. v. Republic of Azerbaijan*, 349 F. Supp. 2d 736, 761 (S.D.N.Y. 2004), *opinion clarified on denial of reconsideration*, No. 02 CIV. 6356 (SHS), 2005 WL 2585227 (S.D.N.Y. Oct. 13, 2005). Nevertheless "discovery need not be granted to permit a fishing expedition for jurisdictional facts." *Greer v. Carlson*, No. 20 Civ. 5484, 2020 WL 6064167, at *5 (S.D.N.Y. Oct. 14, 2020).

## III.    DISCUSSION

Plaintiffs argue that the Defendants must produce the entire Administrative Record because Defendants relied upon part of the record themselves and to "properly assess whether jurisdictional bars apply and, if so, their scope, the Court must review the agency's complete decision-making process." Pl.'s Reply 10. Defendants argue that there is no need to provide the Administrative Record as the jurisdictional issue raised in their Motion to Dismiss should be resolved without any factual determinations made by the Court. Defs.' Obj. 2. I agree with

2

Defendants. Plaintiffs have not identified a single jurisdictional fact in dispute that requires further discovery.

The Motion to Dismiss asserts that "the jurisdiction-stripping provisions of 8 U.S.C. §§ 1252(a)(2)(B)(i) and 1252(a)(2)(B)(ii) preclude review" of USCIS's decision. Def.'s Mot. to Dismiss 2. To support their argument, Defendants cite to exhibits attached to Plaintiffs' Complaint to establish (1) that Seo was in removal proceedings when the marriage took place and (2) that USCIS determined that that the Plaintiffs failed to establish the genuine nature of their marriage by clear and convincing evidence and thus did not qualify for the "bona fide marriage exception" under 8 U.S.C. § 1154(g). Defs.' Mot. to Dismiss 2 (citing ECF No. 1-1, 292-97). Defendants assert that 8 U.S.C. § 1252(a)(2)(B)(i) strips the Court of jurisdiction to review the bona fide marriage determination because it constitutes a "judgment regarding the granting of relief under section . . . 1255" of Title 8. Defs.' Mot. to Dismiss 10-12. In addition, Defendants argue that a decision on the bona fide marriage exception is left to the agency's discretion and thus unreviewable under 8 U.S.C. § 1252(a)(2)(B)(ii). Defs.' Mot. to Dismiss 12-15.

Plaintiffs point to the standard of review of APA decisions. *See* Pl.'s Mot. to Compel 2 ("Even under the highly deferential 'arbitrary and capricious' standard, a court must still be able to discern a rational basis for the agency's action from the administrative record."); *see also* Pl.'s Reply 1 ("we seek to clarify the imperative nature of the Complete Administrative Record in the context of judicial review under the Administrative Procedure Act"). I do not disagree that the Administrative Record is necessary for judicial review of APA cases. *See* Def.'s Obj. 2. However, the importance of the Administrative Record to an APA review does not bear on whether there is jurisdiction to conduct an APA judicial review in the first place.

3

If I grant the Motion to Dismiss, then there will be no judicial review of the agency's decision, and no need for the Administrative Record. *See Connors v. United States*, 863 F.3d 158, 160 (2d Cir. 2017) ("APA review of an administrative action is presumptively available, but that presumption yields to statutory provisions explicitly precluding judicial review of administrative action or committing administrative action to agency discretion.").

Plaintiffs do not challenge the facts that Defendants rely on for their jurisdictional argument. Instead, Plaintiffs assert that without the full Administrative Record, "it is impossible for the Court to definitively determine whether the agency's decision truly falls within a jurisdictional bar." Pl.'s Reply 4. Plaintiffs, however, offer no explanation for how access to the Administrative Record could actually impact the Court's analysis as to whether the agency's decision falls within the jurisdictional bar. The jurisdictional question requires consideration of statutory text and case law. Plaintiffs' conclusory statement, without an explanation as to how facts in the Administrative Record could impact the jurisdiction analysis, is not enough to compel production. *See Gualandi v. Adams*, 385 F.3d 236, 245 (2d Cir. 2004) (granting discovery request not required where "plaintiffs submitted an affidavit requesting discovery of particular documents and depositions" but "were unable to demonstrate that additional discovery was needed in order to decide the jurisdictional issue").

Plaintiffs assert further that Defendants rely on only part of the Administrative Record—that part attached to the Complaint—and denying Plaintiff access to the Record creates "an unlevel playing field." Pl.'s Mot. to Compel 3-4. However, as noted, Plaintiffs have not shown how any other facts would bear on consideration of the Motion to Dismiss. Whether USCIS properly evaluated the Plaintiffs' marriage is not material to the threshold jurisdictional question raised by the Motion to Dismiss. Accordingly, I deny Plaintiffs' Motion to Compel.

Should I deny the Motion to Dismiss and proceed to a review of the agency's decision under the APA, then Defendants will be required to produce the entire Administrative Record, as they concede. Defs.' Obj. 3.

## IV.    **CONCLUSION**

For the foregoing reasons, Plaintiffs' Motion to Compel, ECF No. 21, is denied.

**SO ORDERED.**

New Haven, Connecticut
March 20, 2026

/s/*Sarah F. Russell*
SARAH F. RUSSELL
United States District Judge

5